# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 20, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 13-15069-FF
Case Style: Philadelphia Financial Managem, et al v. DJSP Enterprises, Inc., et al
District Court Docket No: 0:12-cv-61018-WJZ

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Janet K. Spradlin
Phone #: (404) 335-6178

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 13-15069

_____

District Court Docket No.
0:12-cv-61018-WJZ

PHILADELPHIA FINANCIAL MANAGEMENT OF SAN FRANCISCO, LLC,
BLUE LION MASTER FUND, L.P.,
individually and on behalf of all others similarly situated,

                                                             Plaintiffs - Appellants,

versus

DJSP ENTERPRISES, INC.,
DAVID J. STERN,
KUMAR GURSAHANEY,

                                                             Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 16, 2014
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
August 20, 2014

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15069
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61018-WJZ


PHILADELPHIA FINANCIAL MANAGEMENT OF SAN FRANCISCO, LLC,
BLUE LION MASTER FUND, L.P.,
individually and on behalf of all others similarly situated,

                     Plaintiffs-Appellants,

versus

DJSP ENTERPRISES, INC.,
DAVID J. STERN,
KUMAR GURSAHANEY,

                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 16, 2014)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Philadelphia Financial Management of San Francisco, LLP and Blue Lion Master Fund, L.P.[1] (collectively "the plaintiffs"), appeal the district court's dismissal of their securities class action brought against DJSP Enterprises, Inc. (DJSP), David J. Stern, and Kumar Gursahaney (collectively "the defendants"). For the reasons that follow, we affirm.

I.

The plaintiffs originally filed suit in 2010, alleging that the defendants violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the Act) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. They further asserted a controlling-persons claim against Stern and Gursahaney under section 20(a) of the Act, 15 U.S.C. § 78t(a). Briefly stated, DJSP performed processing services for residential mortgage foreclosures and related matters exclusively for the Law Offices of David J. Stern (LODJS), a law firm that represented mortgage holders in foreclosure proceedings. During the relevant time period, Stern acted as president, chief executive officer, and chairman of DJSP, and Gursahaney served as DJSP's chief financial officer. The crux of the plaintiffs' allegations described that the defendants made false and misleading

---

[1] The two named plaintiffs have been appointed to lead the class in the instant action.

public statements about the strength of DJSP's foreclosure-processing business and that the members of the class, all of whom purchased DJSP's securities, suffered financial loss when the defendants revealed the decrease in DJSP's earnings.

The district court dismissed the complaint without prejudice, concluding that the (1) defendants' statements about their business practices were non-actionable puffery, immaterial, or dealt with technological advantages that the plaintiffs had not alleged as untrue; (2) defendants' statements about financial performance were forward-looking statements falling within the safe-harbor provisions of the Private Securities Litigation Reform Act of 1995 (PSLRA); and (3) defendants' oral statements made during a conference call were immaterial and did not create a strong inference of scienter.

The plaintiffs subsequently filed the instant action asserting the same claims as in their original complaint, as well as two state-law claims for negligent misrepresentation and fraud. After limited briefing, a magistrate judge issued a report and recommendation (R&R), outlining that the defendants' separate motions to dismiss were due to be granted because the plaintiffs had failed to make any material changes from the original complaint.[2]  The district court adopted the R&R

---

[2] The magistrate judge's report, which the district court adopted in full, took judicial notice of the district court's previous order dismissing the original complaint without prejudice. We find no error in this decision because the documents in the plaintiffs' first case were public records that were "not subject to reasonable dispute" as they were "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

3

and dismissed the complaint. The plaintiffs then filed a Fed.R.Civ.P. 59(e) motion to vacate judgment, arguing that the magistrate judge had misinformed them about the time limit for filing objections to the R&R. The court granted in part the motion, finding that the objections to the R&R were timely filed. Nevertheless, the court found no merit to the objections. The instant appeal followed.

II.

"We review *de novo* the district court's grant of a motion to dismiss under [Fed.R.Civ.P.] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted).

To state a claim for securities fraud under section 10(b) of the Act and Rule10b-5, a plaintiff must allege "six elements: (1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on a misstatement or omission; (5) economic loss; and (6) a causal connection between the material misrepresentation or omission and the loss, commonly called 'loss causation.'" *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1352 (11th Cir. 2008) (quotation omitted)). Section 20(a) "imposes derivative liability on persons that control primary violators of the Act." *Laperriere v. Vesta Ins. Group, Inc.*, 526 F.3d 715, 721 (11th Cir. 2008). Thus, a

4

section 20(a) claim cannot stand unless the underlying suit states a claim for relief under section 10(b).

To survive a motion to dismiss, a claim brought under section 10(b) of the Act or Rule 10b-5 must satisfy (1) the federal notice pleading requirements; (2) the special fraud pleading requirements found in Fed.R.Civ.P. 9(b), *see Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); and (3) the additional pleading requirements imposed by the PSLRA, *see Phillips v. Scientific-Atlanta, Inc.*, 374 F.3d 1015, 1016 (11th Cir. 2004).

Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, Rule 9(b) requires that, for complaints alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).

The PSLRA imposes additional heightened pleading requirements. For section 10(b) and Rule 10b-5 claims predicated on allegedly false or misleading statements or omissions, the PSLRA provides that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts

on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Specifically, the complaint must "plead with particularity facts giving rise to a strong inference that the defendants either intended to defraud investors or were severely reckless when they made the alleged materially false or incomplete statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008) (quotation marks omitted).

### III.

On appeal, the plaintiffs' main contention is that the defendants violated section 10(b) of the Act and Rule 10b-5 by making material misrepresentations and omissions in filings to the Securities and Exchange Commission (SEC), press releases, and other public statements. The first set of statements pertain to DJSP's business practices, including that DJSP employed "rigorous" processes to ensure the "efficient" and "accurate" handling of foreclosures, and "its effective" staff training. The other category of statements involves DJSP's business prospects and expected financial results. We consider each category in turn.

To prove a claim under Section 10(b) and Rule 10b-5, "a plaintiff must show that the [defendant's] statements were misleading as to a material fact. *Basic Inc. v. Levinson*, 485 U.S. 224, 238 (1988) (emphasis omitted). Additionally, "a defendant's omission to state a material fact is proscribed only when the defendant has a duty to disclose." *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1043

6

(11th Cir. 1986). Some of the factors that we consider in determining whether a duty to disclose exists include "the extent of the defendant's knowledge and the significance of the misstatement, fraud or omission," as well as "[t]he extent of the defendant's participation in the fraud." *Id.*

We find no error in the district court's order of dismissal. First, the plaintiffs failed to show that the defendants' statements about DJSP's operations were false or misleading. Viewed in context, the defendants' references to "efficiency" and "accuracy" in DJSP's registration statement and earnings releases appear to relate to its use of technology in a bid to streamline foreclosure processing and, to a lesser extent, the company's hiring and training of employees to handle its large volume of work. The plaintiffs do not suggest that DJSP did not use the described technology or that these systems did not improve the firm's efficiency and accuracy in processing foreclosures.

Additionally, the defendants' statements about the "rigor" of DJSP's processes, the "efficiency" and "accuracy" of its operations, and its "effective" staff training were not material. *See SEC v. Merch. Capital, LLC*, 483 F.3d 747, 766 (11th Cir. 2007) (We have said that "[t]he test for materiality in the securities fraud context is 'whether a reasonable man would attach importance to the fact misrepresented or omitted in determining his course of action.'"). Although all of these traits are arguably important to the success of DJSP's foreclosure-processing

7

business, these terms do not assert specific, verifiable facts that reasonable investors would rely on in deciding whether to buy or sell DJSP's securities. *See Basic*, 485 U.S. at 240.

In their instant complaint, the plaintiffs attempt to recast their argument as an omissions claim. But the district court properly rejected this claim because the alleged omissions relate to the same statements that the plaintiffs already raised as affirmative misrepresentations in their original suit. Moreover, the information that the plaintiffs contend was omitted does not rest upon specific facts, but only upon generalized opinions that the practices at DJSP were "slipshod" and "chaotic." *See Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1095 (1991) (explaining that for a statement to be an actionable misrepresentation, it must be of a definite factual nature).

The plaintiffs' extensive reliance on our recent holding in *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282 (11th Cir. 2011), to support their omissions claim is misplaced. In that case, the defendant, an Internet-commerce company that provided pay-per-click advertising services, made affirmative representations that it employed strict controls and monitoring over its Internet click-systems to ensure quality of traffic. *FindWhat Investor Grp.*, 658 F.3d at 1298. In reality, however, two employees were committing click-fraud in a bid to generate fake traffic. *Id.* at 1292. The instant case is distinguishable, however,

because the defendants' business statements concerning DJSP's technological prowess did not constitute affirmative representations concerning the efficiency or accuracy of particular systems or the actual results those systems would produce, but instead were opinions on the overall quality of DJSP's foreclosure practices. *See Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1027-28 (11th Cir. 2003) (holding that the statement, "as our Company's strong performance continues," to be non-actionable puffery, which, as a matter of law, would not induce reliance).

The other category of statements that the plaintiffs alleged were false and misleading—those involving DJSP's business prospects and expected financial results—are forward-looking statements subject to the PSLRA's safe harbor provisions. *See* 15 U.S.C. § 78u-5(c)(1)(A)(i) (noting that under the statutory safe harbor, a defendant may avoid liability for any forward-looking statement that is false or misleading if the statement is "identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement"). For example, in a March 16, 2010, slide presentation, which included DJSP's original earnings guidance for 2010, Stern and Gursahaney disclosed that the presentation "contain[ed] forward-looking statements within the meaning of the [PSLRA] about DJSP . . . ." The disclosure

9

went on to caution that the forward-looking statements were "subject to risks and uncertainties, which could cause actual results to differ from the forward looking statements." Among other risk factors, the defendants referenced "legislation or other changes in the regulatory environment, particularly those impacting the mortgage default industry" and "fluctuations in customer demand." These disclosures pertain to the same facts that the plaintiffs claim the defendants concealed and that ultimately led DJSP to lowers its 2010 projections. *See Ehlert v. Singer*, 245 F.3d 1313, 1320 (11th Cir. 2001) (holding that cautionary language accompanying forward-looking statements satisfied the safe-harbor statute because "the warnings actually given were not only of a similar significance to the risks actually realized, but were also closely related to the specific warning which Plaintiffs assert should have been given").

Lastly, the plaintiffs assert that Stern intentionally concealed the downturn in DJSP's processing business because he had a motive to maintain an artificially inflated stock price to minimize his own financial losses. But a personal financial incentive, standing alone, is insufficient to establish a strong inference of actual fraud. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 325 (2007) (explaining that although "personal financial gain may weigh heavily in favor of a scienter inference," the "significance that can be ascribed to an allegation of motive . . . depends on the entirety of the complaint"). As highlighted by the

10

district court, it appears that Stern had limited knowledge about the possible long term effects of a slowdown in DJSP's core business at the time he made many of the contested statements.

For example, during a conference call to investors on April 22, 2010, Stern expressed his belief that DJSP's financial guidance for 2010 remained "conservative." Stern also stated that he was not overly concerned about government intervention programs and that DJSP was well positioned to adjust to, and possibly profit from, such assistance programs. When the defendants lowered DJSP's financial forecast for the year in late May 2010, they pointed to a system conversion by one of LODJS' largest clients as the source of the problem, which in turn had reduced the number of foreclosure files referred by that client. According to the plaintiffs' complaint, DJSP became aware of the system conversion sometime in April, that the conversion had reduced foreclosure volumes in April and May, and that the long term impact of the slowdown remained unclear. As such, given that the defendants appear to have first learned of the conversion issue no more than three weeks before the April conference call and that they remained at best uncertain about the potential impact of this problem as late as May, it is simply not "at least as compelling as any opposing inference" that the defendants knew on April 22 that DJSP could not meet or exceed its stated earnings guidance for 2010. *See Tellabs*, 551 U.S. at 324 (explaining that "[a] complaint will survive

11

. . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.").

In sum, taking all of the complaint's allegations as true, we hold that the plaintiffs failed to "plead with particularity" to show that the defendants' statements about their business practices and financial performance constituted a violation of section 10(b) or Rule 10b-5.  *Mizzaro*, 544 F.3d at 1238.  Accordingly, we affirm the district court's order dismissing the plaintiffs' amended complaint for failure to state a claim.[3]

**AFFIRMED.**

---

[3] In their appellate brief, the plaintiffs do not challenge the dismissal of the state-laws claims or the denial of their Rule 59(e) motion.  As such, we consider these issues abandoned.  *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).